UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMREICA,

Plaintiff,

v.  Case No. 06-cr-142-pp

DAVID MCALISTER,

Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 60)**

When Judge Stadtmueller sentenced the defendant in March 2007, he imposed a term of five years of supervised release to follow the defendant's incarceration. Dkt. No. 32 at 2. The defendant began serving that term on June 17, 2015 and is scheduled to discharge on June 16, 2020. As of the date of this order, he has served just over three years and ten months of his five-year term.

On December 21, 2016, the court received a motion from the defendant, asking the court to terminate his supervised release early. Dkt. No. 55. Although the defendant had not served even two years of the five-year supervised release term, he argued that he had overserved his custodial sentence as a result of not being able to take advantage of the reduced guidelines applicable to drug offenses. The court concluded that the defendant would have not have been entitled to application of the reduced guidelines (he was released before the reduction became available), and even if he had been entitled to a reduction in his *custodial* sentence, such a reduction wouldn't

1

have impacted his supervised release sentence. Dkt. No. 58 at 3-5. The court also noted that while the defendant had, for the most part, been complying with his supervised release conditions, he had not demonstrated the extraordinary circumstances courts in this district look for when considering motions for early termination. Id. at 6.

On February 1, 2019, the court received a second motion from the defendant, again asking for early termination of his release. Dkt. No. 60. He represented in that motion that the probation office supported his request. Id. at 1. In support of this second motion, the defendant asserts that he didn't have any disciplinary violations while in custody (and he completed programming, as well), that since his release he's graduated college and had several jobs, that he has a stable residence with his long-time girlfriend and has custody of his nineteen-month-old daughter and that he has passed the test for a commercial driver's license. He also says that he has always been compliant with the conditions of his supervised release. Id. at 4-6. The defendant attached to the motion certificates and letters verifying the achievements he listed in his motion. Dkt. No. 60-1.

The court commends the defendant on his achievements—particularly his educational achievements, and his care for his daughter. He has reason to be proud of himself for these things. But as the court pointed out in its February 2017 order denying his first motion, the fact that a defendant has complied with the conditions of supervised release is not enough, on its own, to justify early termination. Courts in this district have held that "the conduct of

the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination." United States v. O'Hara, Case No. 00-170, 2011 WL 4356322 at *3 (E.D. Wis. 2011). See also, e.g., United States v. Mitchell, Case No. 03-cr-194, 2013 WL 4763966 at *1 (E.D. Wis. 2013); United States v. White, Case No. 06-cr-50, 2012 WL 5198364 at *2 (E.D. Wis. 2012). "[C]ourts have generally granted early termination only in cases involving some new or unforeseen circumstances, which may include exceptionally good behavior, or where supervision impedes the defendant's rehabilitation." Mitchell, 2013 WL 4763966 at *1 (citing White, which collects other cases holding the same). This court has granted early termination where defendants have not only complied with supervised release conditions, but have performed community service, or have demonstrated that there are jobs they cannot get because of the limitations of supervision. It generally has required more than simply complying with the conditions of supervision. The court understands that it isn't easy for some people to comply with supervised release. But supervised release is part of a court's overall punishment. And courts expect defendants to comply with the conditions of release—they are, after all, court orders.

One of the reasons the court is not comfortable considering early termination now is its concern that the defendant does not appear to be working. While the defendant has worked hard at his education, presumably his reason for doing that was so that he could obtain stable, good-paying work.

3

It appears from the defendant's motion that, at least as of the time he filed it, he wasn't working. He indicated that after two years working as a bus driver and attending college on a part-time basis, he "took a leave of absence at work, so he could relocate to the Fox Valley Area to finish his degree at Fox Valley Technical College." Dkt. No. 60 at 6. As of the date he filed the motion, the defendant stated that he was "studying business while trying to attain his CDL class A and real estate license." Dkt. No. 60 at 4. Getting an education is always a good thing. Getting a business degree presumably would help the defendant get jobs in the business world. Getting his CDL would get him truck-driving jobs. Being a licensed real estate broker is a good job in certain economic cycles (although it is the court's understanding that someone with a felony conviction cannot obtain a real estate broker's license in Wisconsin). But one of the things the court looks for in considering a request for early termination of supervised release is steady, verifiable, full-time employment. It doesn't appear that the defendant has that right now, and it's not clear to the court what he plans to do once he finishes his education.

Nor has the defendant identified any "extraordinary" actions on his part outside of complying with the conditions of his release. It is wonderful that he has custody of his daughter and takes care of her, but that is what good, responsible fathers do. It isn't the same as volunteering at a soup kitchen, or helping out at one's church/temple/mosque, or mentoring at-risk young people. The court does not mean to trivialize the fact that the defendant

4

appears to be living a very prosocial life. It makes these points only to explain why the defendant's good efforts do not justify early release at this point.

The plaintiff has fourteen months until he is scheduled to discharge. He can renew his request for early discharge in the future, if he obtains stable, verifiable employment, and the court will consider it. In the meantime, the court encourages the defendant to continue being the good role model for his daughter that he has tried to be all her life.

The court **DENIES WITHOUT PREJUDICE** the request for early discharge.

Dated in Milwaukee, Wisconsin this 25th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**